**FILED**
CLERK, U.S. DISTRICT COURT

11/21/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ TV _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>OLAF KYROS GUSTAFSSON,<br>　aka "Sir Olaf Gustafsson,"<br>　aka "El Silencio,"<br><br>　　　　Defendant. | CR No. 2:23-cr-00576-FLA<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1349: Conspiracy to Commit Wire Fraud and Mail Fraud; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1341: Mail Fraud; 18 U.S.C. § 1956(h): Conspiracy to Engage in Money Laundering; 18 U.S.C. §§ 1956, 1957: Money Laundering; 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1349]

A.　INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.　Escobar, Inc. was a corporation registered in the Commonwealth of Puerto Rico.  According to its website, Escobar, Inc. held successor in interest rights to the persona and legacy of Pablo Escobar, the deceased Colombian narcoterrorist and head of the

1  Medellin Cartel.  Escobar, Inc. used the likeness and persona of

2  Pablo Escobar to market and sell purported consumer products to the

3  public.

4      2.    Defendant OLAF KYROS GUSTAFSSON, also known as ("aka") "Sir

5  Olaf Gustafsson," aka "El Silencio," was the Chief Executive Officer

6  of Escobar, Inc.

7  B.    OBJECTS OF THE CONSPIRACY

8      3.    Beginning on a date unknown, but no later than in or around

9  July 2019, and continuing through on or about November 21, 2023, in

10  Los Angeles, Orange, Riverside, and San Bernardino Counties, within

11  the Central District of California, and elsewhere, defendant

12  GUSTAFSSON conspired with others known and unknown to the Grand Jury

13  to commit wire fraud, in violation of Title 18, United States Code,

14  Section 1343, and mail fraud, in violation of Title 18, United States

15  Code, Section 1341.

16  C.    MANNER AND MEANS OF THE CONSPIRACY

17      4.    The objects of the conspiracy were to be accomplished, in

18  substance, as follows:

19          a.    Defendant GUSTAFSSON and others known and unknown to

20  the Grand jury would identify existing products in the marketplace

21  that were being manufactured and sold to the public.

22          b.    Defendant GUSTAFSSON and others known and unknown to

23  the Grand Jury would use the Escobar persona to market and advertise

24  similar and competing products purportedly being sold by Escobar,

25  Inc.

26          c.    Defendant GUSTAFSSON and others known and unknown to

27  the Grand Jury would advertise the competing Escobar, Inc. products

28

1  at a price substantially lower than the existing counterparts that

2  were already being sold by other companies.

3         d.   Defendant GUSTAFSSON and others known and unknown to

4  the Grand Jury would purport to sell the purported Escobar, Inc.

5  products to consumers, including to customers residing in the Central

6  District of California, and elsewhere.

7         e.   Defendant GUSTAFSSON and others known and unknown to

8  the Grand Jury would communicate with purported Escobar, Inc.

9  customers, located in the Central District of California and

10  elsewhere, including by using email in interstate and foreign

11  commerce.

12         f.   Defendant GUSTAFSSON and others known and unknown to

13  the Grand Jury would receive payments from customers for purported

14  Escobar, Inc. products, including payments through payment processors

15  such as PayPal, Klarna, CC Bill, Stripe, Coinbase, Coinpayments,

16  among others, as well as through mailed and deposited checks and

17  direct bank wire transfers made by customers, including through

18  Fedwire, Swift, and other transfers in interstate and foreign

19  commerce, to various accounts owned by defendant GUSTAFSSON and

20  others known and unknown to the Grand Jury.

21         g.   In actuality, however, despite receiving payments from

22  customers intending to purchase Escobar, Inc. products, defendant

23  GUSTAFSSON and his co-conspirators did not deliver the Escobar, Inc.

24  products to paying customers, as those products did not exist.

25         h.   Defendant GUSTAFSSON and others known and unknown to

26  the Grand Jury would then transfer and launder the funds paid by

27  customers through various bank accounts, including accounts in the

28  Central District of California and elsewhere in the United States and

abroad, ultimately to accounts owned by defendant GUSTAFSSON, his family members, and others, who would then use the customer funds for their own personal use.

i.    Examples of purported Escobar, Inc. products that were marketed and sold, but were not delivered to customers, included, but were not limited to, the following:

Escobar Flamethrower

i.    In or around July 2019, defendant GUSTAFSSON began advertising the Escobar Flamethrower for sale to customers. The Escobar Flamethrower was modeled after the "Not a Flamethrower" marketed and sold by Elon Musk's The Boring Company for $500. Defendant GUSTAFSSON and others known and unknown to the Grand Jury marketed the purported Escobar Flamethrower for sale for $249. Defendant GUSTAFSSON and others known and unknown to the Grand Jury sold and accepted payment from customers for the Escobar Flamethrower, but the Escobar Flamethrowers were not delivered to paying customers.

Escobar Fold Phone

ii.    In or around December 2019, defendant GUSTAFSSON began advertising the Escobar Fold Phone for sale to customers.  The Escobar Fold Phone was marketed as being designed in the United States, manufactured in Hong Kong, and available for sale for $349 via the Escobar, Inc. website.  Defendant GUSTAFSSON and others known and unknown to the Grand Jury sold and accepted payment from customers for the Escobar Fold Phone, but the phones were not delivered to paying customers.

1    Escobar Fold 2 Phone

2              iii. In or around February 2020, defendant GUSTAFSSON

3    began advertising the "upgraded" Escobar Fold 2 Phone for sale to

4    customers.  The Escobar Fold 2 Phone was marketed as a competitor to

5    the Samsung Galaxy Fold phone, and was available for sale for $400

6    via the Escobar, Inc. website.  Defendant GUSTAFSSON and others known

7    and unknown to the Grand Jury sold and accepted payment from

8    customers for the Escobar Fold 2 Phone, but phones were not delivered

9    to paying customers.

10    Escobar Gold 11 Pro Phone

11              iv.  In or around May 2020, defendant GUSTAFSSON began

12    advertising the Escobar Gold 11 Pro Phone.  The Escobar Gold 11 Pro

13    Phone was marketed as a refurbished Apple iPhone 11 Pro, plated in 24

14    karat gold, available for sale for $500 via the Escobar, Inc.

15    website.  Defendant GUSTAFSSON and others known and unknown to the

16    Grand Jury sold and accepted payment from customers for the Escobar

17    Gold 11 Pro Phone, but phones were not delivered to paying customers.

18    Escobar Cash

19              v.  In or around December 2021, defendant GUSTAFSSON

20    began advertising Escobar Cash, which was marketed as the world's

21    first "physical cryptocurrency," which was available for sale in

22    several denominations at a U.S. dollar conversion rate of 1/1000th of

23    U.S. dollar face value.  Defendant GUSTAFSSON and others known and

24    unknown to the Grand Jury sold and accepted payment from customers

25    for Escobar Cash, but no physical currency or any other

26    cryptocurrency was delivered to paying customers.

27              j.  In furtherance of the scheme, and to further defraud

28    customers, defendant GUSTAFSSON and others known and unknown to the

Grand Jury would send crudely-made samples of purported Escobar, Inc. products to online technology reviewers and social media influencers in order to attempt to increase demand among the public for the purported Escobar, Inc. products.  For example, defendant GUSTAFSSON and others known and unknown to the Grand Jury sent Samsung Galaxy Fold Phones wrapped in gold foil and disguised as Escobar, Inc. phones to online technology reviewers to attempt to induce victims who watch the online reviews into purchasing and paying for Escobar, Inc. products that would never actually be delivered.

k.   Also in furtherance of the scheme, rather than sending customers the products for which they paid, defendant GUSTAFSSON and others known and unknown to the Grand Jury would mail to customers a "Certificate of Ownership," or a book or other promotional materials for Escobar, Inc., so that there was record of a mailing from Escobar, Inc. to the customer.  When a paying customer would attempt to obtain a refund when the product was never delivered, defendant GUSTAFSSON and others known and unknown to the Grand Jury would fraudulently refer the payment processor to the proof of mailing for the Certificate of Ownership or other mailed promotional materials as proof that the product itself was shipped and received by the customer, such that the refund requests would be denied.

D.   <u>OVERT ACTS</u>

5.   On or about the following dates, in furtherance of the conspiracy, and to accomplish its objects, defendant GUSTAFSSON, and others known and unknown to the Grand Jury, committed and caused to be committed various overt acts in the Central District of California and elsewhere, including, but not limited to, the following:

Overt Act No. 1:    In or around July 2019, defendant GUSTAFSSON and others known and unknown to the Grand Jury began marketing the Escobar Flamethrower for sale.

Overt Act No. 2:    On July 11, 2019, defendant GUSTAFSSON and others known and unknown to the Grand Jury accepted a PayPal payment of $249 from victim D.R. in the Central District of California, for purchase of an Escobar Flamethrower that was never delivered.

Overt Act No. 3:    On July 11, 2019, defendant GUSTAFSSON and others known and unknown to the Grand Jury accepted a PayPal payment of $249 from victim D.V. in the Central District of California, for purchase of an Escobar Flamethrower that was never delivered.

Overt Act No. 4:    On July 11, 2019, defendant GUSTAFSSON and others known and unknown to the Grand Jury accepted a PayPal payment of $249 from victim J.H. in the Central District of California, for purchase of an Escobar Flamethrower that was never delivered.

Overt Act No. 5:    On July 12, 2019, defendant GUSTAFSSON and other known and unknown to the Grand Jury accepted a PayPal payment of $249 from victim T.W. in the Central District of California, for purchase of an Escobar Flamethrower that was never delivered.

Overt Act No. 6:    On or after July 12, 2019, defendant GUSTAFSSON and others known and unknown to the Grand Jury mailed, through United States Mail, a Certificate of Ownership for an Escobar Flamethrower to victim T.W. in the Central District of California.

Overt Act No. 7:    On July 12, 2019, defendant GUSTAFSSON and others known and unknown to the Grand Jury accepted a PayPal payment of $249 from victim B.R. in Henderson, Nevada, for purchase of an Escobar Flamethrower that was never delivered.

<u>Overt Act No. 8:</u>   On July 12, 2019, defendant GUSTAFSSON and others known and unknown to the Grand Jury accepted a PayPal payment of $249 from victim N.G. in Mentor, Ohio, for purchase of an Escobar Flamethrower that was never delivered.

<u>Overt Act No. 9:</u>   On July 13, 2019, defendant GUSTAFSSON and others known and unknown to the Grand Jury mailed, through United States Mail, a Certificate of Ownership for an Escobar Flamethrower to victim D.R. in the Central District of California.

<u>Overt Act No. 10:</u>   On July 13, 2019, defendant GUSTAFSSON and others known and unknown to the Grand Jury mailed, through United States Mail, a Certificate of Ownership for an Escobar Flamethrower to victim J.H. in the Central District of California.

<u>Overt Act No. 11:</u>   On July 13, 2019, defendant GUSTAFSSON and others known and unknown to the Grand Jury accepted a PayPal payment of $249 from victim P.F. in Woodside, New York, for purchase of an Escobar Flamethrower that was never delivered.

<u>Overt Act No. 12:</u>   On or after July 13, 2019, defendant GUSTAFSSON and others known and unknown to the Grand Jury mailed, through United States Mail, a Certificate of Ownership for an Escobar Flamethrower to victim P.F. in Woodside, New York.

<u>Overt Act No. 13:</u>   On July 13, 2019, defendant GUSTAFSSON and others known and unknown to the Grand Jury accepted a PayPal payment of $249 from victim A.W. in the Central District of California, for purchase of an Escobar Flamethrower that was never delivered.

<u>Overt Act No. 14:</u>   On or after July 13, 2019, defendant GUSTAFSSON and others known and unknown to the Grand Jury mailed, through United States Mail, a Certificate of Ownership for an Escobar Flamethrower to victim A.W. in the Central District of California.

Overt Act No. 15:    On July 14, 2019, defendant GUSTAFSSON and others known and unknown to the Grand Jury accepted a PayPal payment of $279 from victim C.P. in Wasaga Beach, Ontario, Canada, for purchase of an Escobar Flamethrower that was never delivered.

Overt Act No. 16:    On July 19, 2019, defendant GUSTAFSSON and others known and unknown to the Grand Jury accepted a PayPal payment of $199 from victim P.M. in the Central District of California, for purchase of an Escobar Flamethrower that was never delivered.

Overt Act No. 17:    On July 30, 2019, defendant GUSTAFSSON and others known and unknown to the Grand Jury mailed, through United States Mail, a Certificate of Ownership for an Escobar Flamethrower to victim D.V. in the Central District of California.

Escobar Fold Phone

Overt Act No. 18:    In or around December 2019, defendant GUSTAFSSON and others known and unknown to the Grand Jury began marketing the Escobar Fold Phone for sale.

Overt Act No. 19:    In or around February 2020, defendant GUSTAFSSON and others known and unknown to the Grand Jury began marketing the Escobar Fold Phone 2 for sale.

Overt Act No. 20:    In or around February 2020, after M.B., a Youtube technology reviewer, had previously attempted to purchase an Escobar Fold that was never delivered, defendant GUSTAFSSON and others known and unknown to the Grand Jury sent an email to M.B., requesting that M.B. conduct an online review of the Escobar Fold 2 phone.

Overt Act No. 21:    In or around February 2020, defendant GUSTAFSSON and others known and unknown to the Grand Jury sent M.B. a

Samsung Fold phone wrapped in gold foil, purporting to be an Escobar Fold 2 phone, for M.B. to conduct and post an online review.

Overt Act No. 22:    In or around February 2020, defendant GUSTAFSSON and others known and unknown to the Grand Jury sent an email to L.H., a Youtube technology reviewer, requesting that L.H. conduct an online review of the Escobar Fold 2 phone.

Overt Act No. 23:    In or around February 2020, defendant GUSTAFSSON and others known and unknown to the Grand Jury sent W.D., the office manager for L.H., a Samsung Galaxy Fold phone purporting to be an Escobar Fold 2 phone, for L.H. to conduct and post an online review.

Overt Act No. 24:    On February 13, 2020, defendant GUSTAFSSON and others known and unknown to the Grand Jury accepted a Fedwire transfer of $150 from victim J.M. in Las Vegas, Nevada, for purchase of Escobar Fold 2 that was never delivered.

Overt Act No. 25:    On February 18, 2020, defendant GUSTAFSSON and others known and unknown to the Grand Jury accepted a Fedwire transfer of $374 from victim J.M. in Las Vegas, Nevada, for purchase of Escobar Fold 2 that was never delivered.

Overt Act No. 26:    On February 18, 2020, defendant GUSTAFSSON and others known and unknown to the Grand Jury accepted a Fedwire transfer of $399 from victim S.B. in the Central District of California, for purchase of an Escobar Fold 2 phone that was never delivered.

Overt Act No. 27:    On February 18, 2020, defendant GUSTAFSSON and others known and unknown to the Grand Jury accepted a Fedwire transfer of $399 from victim S.G. in the Central District of

California, for purchase of an Escobar Fold 2 phone that was never delivered.

Overt Act No. 28:   On February 23, 2020, defendant GUSTAFSSON and others known and unknown to the Grand Jury accepted a cryptocurrency payment of $400 via Coinpayments from victim R.C., sent from the Central District of California, for purchase of an Escobar Fold phone that was never delivered.

Overt Act No. 29:   On February 28, 2020, defendant GUSTAFSSON and others known and unknown to the Grand Jury accepted a check for $549 from victim T.D., deposited in the Central District of California, for purchase of an Escobar Fold 2 that was never delivered.

Overt Act No. 30:   On March 13, 2020, defendant GUSTAFSSON and others known and unknown to the Grand Jury accepted a Fedwire transfer of $399 from victim A.Q. in Brooklyn, New York, for purchase of an Escobar Fold 2 phone that was never delivered.

Overt Act No. 31:   On April 22, 2020, defendant GUSTAFSSON and others known and unknown to the Grand Jury accepted an international Swift transfer of $399 from an undercover agent from the Internal Revenue Service, Criminal Investigations (the "Undercover Agent") in Las Vegas, Nevada, for purchase of an Escobar Fold 2 phone that was never delivered.

Overt Act No. 32:   In or around May 2020, defendant GUSTAFSSON and others known and unknown to the Grand Jury sent M.B. an Apple iPhone wrapped in gold foil, purporting to be an Escobar Gold 11 Pro phone, for M.B. to conduct and post an online review.

Overt Act No. 33:   On May 12, 2020, defendant GUSTAFSSON and others known and unknown to the Grand Jury accepted payment of $400

in the form of Bitcoin cryptocurrency from the Undercover Agent in Las Vegas, Nevada, for purchase of an Escobar Fold 2 phone that was never delivered.

Overt Act No. 34:   On May 28, 2020, defendant GUSTAFSSON and others known and unknown to the Grand Jury sent an email to W.D. informing W.D. that Escobar, Inc. was sending W.D. a new Escobar phone in the mail.

Overt Act No. 35:   On May 28, 2020, defendant GUSTAFSSON and others known and unknown to the Grand Jury sent W.D. a package with another phone for review, which W.D. returned unopened.

Overt Act No. 36:   On May 28, 2020, defendant GUSTAFSSON and others known and unknown to the Grand Jury accepted a Fedwire transfer of $500 from victim G.W. in Paradise Valley, Arizona, for purchase of an Escobar Gold 11 Pro phone that was never delivered.

Overt Act No. 37:   On or before May 29, 2020, defendant GUSTAFSSON and others known and unknown to the Grand Jury sent A.M., a YouTube technology reviewer, a Samsung Galaxy Fold phone wrapped in gold foil, purporting to be an Escobar Fold 2 phone, for A.M. to conduct and post an online review.

Overt Act No. 38:   On May 29, 2020, defendant GUSTAFSSON and others known and unknown to the Grand Jury accepted a Fedwire transfer of $499 from victim E.P. in the Central District of California, for purchase of an Escobar Gold 11 Pro phone that was never delivered.

Overt Act No. 39:   On March 28, 2022, defendant GUSTAFSSON and others known and unknown to the Grand Jury accepted an international Swift transfer of $110 from an Undercover Agent in New York, New York for purchase of Escobar Cash that was never delivered.

1

COUNTS TWO THROUGH TEN

2

[18 U.S.C. §§ 1343, 2(a)]

3

[ALL DEFENDANTS]

4      6.    The Grand Jury re-alleges and incorporates paragraphs 1

5 through 5 of this Indictment here.

6 A.    THE SCHEME TO DEFRAUD

7      7.    Beginning on or about a date unknown, but no later than in

8 or around July 2019, and continuing to in or about November 21, 2023,

9 in Los Angeles, Orange, Riverside, and San Bernardino Counties,

10 within the Central District of California, and elsewhere, defendant

11 OLAF KYROS GUSTAFSSON, also known as "Sir Olaf Gustafsson," aka "El

12 Silencio," and others known and unknown to the Grand Jury, knowingly

13 and with intent to defraud, devised, participated in, and executed a

14 scheme to defraud customer victims as to material matters, and to

15 obtain money and property by means of material false and fraudulent

16 pretenses, representations, and promises, and the concealment of

17 material facts.

18      8.    The scheme to defraud operated, in substance, as described

19 in paragraph 4 of this Indictment, which is re-alleged and

20 incorporated here.

21 B.    USE OF THE WIRES

22      9.    On or about the dates set forth below, in Los Angeles,

23 Orange, Riverside, and San Bernardino Counties, within the Central

24 District of California, defendant GUSTAFSSON, and others known and

25 unknown to the Grand Jury, for the purpose of executing the above-

26 described scheme to defraud, caused the transmission of the following

27 items by means of wire communication in interstate commerce:

28

| Count | Date | Wire Transmission |
|-------|------|-------------------|
| TWO | 7/11/2019 | PayPal payment of $249 by victim D.R. in the Central District of California to PayPal account ending in 9933. |
| THREE | 7/11/2019 | PayPal payment of $249 by victim D.V. in the Central District of California to PayPal account ending in 9933. |
| FOUR | 7/11/2019 | PayPal payment of $249 by victim J.H. in the Central District of California to PayPal account ending in 9933. |
| FIVE | 7/12/2019 | PayPal payment of $249 by victim T.W. in the Central District of California to PayPal account ending in 9933. |
| SIX | 7/13/2019 | PayPal payment of $249 by victim A.W. in the Central District of California to PayPal account ending in 9933. |
| SEVEN | 7/19/2019 | PayPal payment of $199 by victim P.M. in the Central District of California to PayPal account ending in 9933. |
| EIGHT | 2/18/2020 | Wire transfer of $399 by victim S.B. in the Central District of California to Wells Fargo Business Checking Account ending in 8975. |
| NINE | 2/18/2020 | Wire transfer of $399 by victim S.G. in the Central District of California to Wells Fargo Business Checking Account ending in 8975. |
| TEN | 5/29/2020 | Wire transfer of $499 by victim E.P. in the Central District of California to PNC Bank Account ending in 5111. |

COUNTS ELEVEN THROUGH THIRTEEN

[18 U.S.C. §§ 1341, 2(a),(b)]

10.   The Grand Jury re-alleges and incorporates paragraphs 1 through 5 of this Indictment here.

A.   THE SCHEME TO DEFRAUD

11.   Beginning on or about a date unknown, but no later than in or around July 2019, and continuing to in or about November 21, 2023, in Los Angeles, Orange, Riverside, and San Bernardino Counties, within the Central District of California, and elsewhere, defendant OLAF KYROS GUSTAFSSON, also known as ("aka") "Sir Olaf Gustafsson," aka "El Silencio," and others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud customer victims as to material matters, and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

12.   The scheme to defraud operated, in substance, as described in paragraph 4 of this Indictment, which is re-alleged and incorporated here.

B.   USE OF THE MAILS

13.   On or about the dates set forth below, in Los Angeles, Orange, Riverside, and San Bernardino Counties, within the Central District of California, defendant GUSTAFSSON, and others known and unknown to the Grand Jury, for the purpose of executing the above-described scheme to defraud, placed and willfully caused to be placed in a post office and authorized depository for mail matter, to be sent and delivered by the United States Postal Service, and knowingly

caused to be delivered by mail according to the directions thereon, the following, at the following addresses:

| Count | Date | Recipient | Mail Matter |
|---|---|---|---|
| ELEVEN | 7/13/2019 | D.R. in Gardena, California | Certificate of Ownership for Escobar Flamethrower |
| TWELVE | 7/13/2019 | J.H. in Commerce, California | Certificate of Ownership for Escobar Flamethrower |
| THIRTEEN | 7/30/2019 | D.V. in Los Angeles, California | Certificate of Ownership for Escobar Flamethrower |

COUNT FOURTEEN

[18 U.S.C. § 1956(h)]

14.   Grand Jury re-alleges and incorporates paragraphs 1 through 5 of this Indictment here.

A.   OBJECTS OF THE CONSPIRACY

15.   Beginning on a date unknown, but no later than in or around July 2019, and continuing through on or about November 21, 2023, in Los Angeles, Orange, Riverside, and San Bernardino Counties, within the Central District of California, and elsewhere, defendant OLAF KYROS GUSTAFSSON, also known as "Sir Olaf Gustafsson," aka "El Silencio," conspired with others known and unknown to the Grand Jury to knowingly and intentionally commit the following offenses against the United States:

a.   Knowing that property involved in a financial transaction represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of specified unlawful activity, namely, conspiracy to engage in wire and mail fraud, in violation of Title 18, United States Code, Section 1349, wire fraud, in violation of Title 18, United States Code, Section 1343, and mail fraud, in violation of Title 18, United States Code, Section 1341, and to conduct and attempt to conduct financial transactions knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

b.   Knowing that property involved in a financial transaction represented the proceeds of some form of unlawful

17

activity, and which property was, in fact, the proceeds of specified unlawful activity, namely, conspiracy to engage in wire and mail fraud, in violation of Title 18, United States Code, Section 1349, wire fraud, in violation of Title 18, United States Code, Section 1343, and mail fraud, in violation of Title 18, United States Code, Section 1341, to conduct and attempt to conduct financial transactions to, from, and through places outside the United States, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); and

c.   To knowingly engage and attempt to engage in monetary transactions involving criminally derived property of a value greater than $10,000, which property represented the proceeds of specified unlawful activity, namely, conspiracy, wire fraud, and mail fraud, in violation of Title 18, United States Code, Section 1957(a).

B.   <u>MANNER AND MEANS OF THE CONSPIRACY</u>

16.   The objects of the conspiracy were to be accomplished, in substance, as follows:

a.   Defendant GUSTAFSSON and others known and unknown to the Grand Jury would cause bank accounts to be opened under their own names and names of entities they controlled to be used as funnel accounts, that is, bank accounts into which they would deposit and withdraw proceeds derived from conspiracy, wire fraud, and mail fraud, so as to conceal and disguise the nature, location, source, ownership, and control of the proceeds.

1              b.    Defendant GUSTAFSSON and others known and unknown to
2  the Grand Jury would transfer, deposit, or cause victims to deposit,
3  proceeds derived from conspiracy, wire fraud, and mail fraud into the
4  funnel accounts.

5              c.    Defendant GUSTAFSSON and others known and unknown to
6  the Grand Jury would withdraw or transfer the fraudulently obtained
7  funds from the funnel accounts, including through cash withdrawals,
8  check cashing, writing checks, or transferring funds into further
9  accounts under their control, in the United States and elsewhere
10  around the world, and ultimately making payments to themselves and
11  family members.

12              d.    Defendant GUSTAFSSON and others known and unknown to
13  the Grand Jury would use the proceeds of the conspiracy, wire fraud,
14  and mail fraud for their own personal use.

15  C.   OVERT ACTS

16       17.  On or about the following dates, in furtherance of the
17  conspiracy, and to accomplish its objects, defendant GUSTAFSSON, and
18  others known and unknown to the Grand Jury, committed and caused to
19  be committed various overt acts in the Central District of California
20  and elsewhere, including, but not limited to, the following:

21       Overt Act No. 1:   On October 11, 2019, defendant GUSTAFSSON
22  and others known and unknown caused the transmission of a wire
23  transfer of $10,000 from J.P Morgan Chase Bank account ending in 4484
24  in New York, New York, to Wells Fargo Bank account ending in 8975 in
25  San Francisco, California.

26       Overt Act No. 2:   On October 11, 2019, defendant GUSTAFSSON
27  and others known and unknown caused the transmission of a wire
28  transfer of $9,950 from Wells Fargo Bank account ending in 8975 in

San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates.

    Overt Act No. 3:   On October 15, 2019, defendant GUSTAFSSON and others known and unknown caused the transmission of a wire transfer of $7,500 from J.P Morgan Chase Bank account ending in 4484 in New York, New York, to Wells Fargo Bank account ending in 8975 in San Francisco, California.

    Overt Act No. 4:   On October 16, 2019, defendant GUSTAFSSON and others known and unknown caused the transmission of a wire transfer of $4,000 from J.P Morgan Chase Bank account ending in 4484 in New York, New York, to Wells Fargo Bank account ending in 8975 in San Francisco, California.

    Overt Act No. 5:   On October 18, 2019, defendant GUSTAFSSON and others known and unknown caused the transmission of a wire transfer of $10,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates.

    Overt Act No. 6:   On October 22, 2019, defendant GUSTAFSSON and others known and unknown caused the transmission of a wire transfer of $3,000 from J.P Morgan Chase Bank account ending in 4484 in New York, New York, to Wells Fargo Bank account ending in 8975 in San Francisco, California.

    Overt Act No. 7:   On October 24, 2019, defendant GUSTAFSSON and others known and unknown caused the transmission of a wire transfer of $1,100 from J.P Morgan Chase Bank account ending in 4484 in New York, New York, to Wells Fargo Bank account ending in 8975 in San Francisco, California.

1    <u>Overt Act No. 8:</u>    On December 16, 2019, defendant GUSTAFSSON
2    and others known and unknown caused the transmission of a wire
3    transfer of $7,973 from Nordea Bank account ending in 3922 in
4    Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San
5    Francisco, California.

6    <u>Overt Act No. 9:</u>    On December 17, 2019, defendant GUSTAFSSON
7    and others known and unknown caused the transmission of a wire
8    transfer of $20,295 from Nordea Bank account ending in 3922 in
9    Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San
10   Francisco, California.

11   <u>Overt Act No. 10:</u>    On December 17, 2019, defendant GUSTAFSSON
12   and others known and unknown caused the transmission of a wire
13   transfer of $15,000 from Wells Fargo Bank account ending in 8975 in
14   San Francisco, California, to Abu Dhabi Islamic Bank account ending
15   in 2788 in Abu Dhabi, United Arab Emirates.

16   <u>Overt Act No. 11:</u>    On December 18, 2019, defendant GUSTAFSSON
17   and others known and unknown caused the transmission of a wire
18   transfer of $42,075 from Nordea Bank account ending in 3922 in
19   Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San
20   Francisco, California.

21   <u>Overt Act No. 12:</u>    On December 18, 2019, defendant GUSTAFSSON
22   and others known and unknown caused the transmission of a wire
23   transfer of $40,000 from Wells Fargo Bank account ending in 8975 in
24   San Francisco, California, to Abu Dhabi Islamic Bank account ending
25   in 2788 in Abu Dhabi, United Arab Emirates.

26   <u>Overt Act No. 13:</u>    On December 20, 2019, defendant GUSTAFSSON
27   and others known and unknown caused the transmission of a wire
28   transfer of $20,975 from Nordea Bank account ending in 3922 in

Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California.

Overt Act No. 14:    On December 23, 2019, defendant GUSTAFSSON and others known and unknown caused the transmission of a wire transfer of $12,975 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California.

Overt Act No. 15:    On December 23, 2019, defendant GUSTAFSSON and others known and unknown caused the transmission of a wire transfer of $35,175 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California.

Overt Act No. 16:    On December 23, 2019, defendant GUSTAFSSON and others known and unknown caused the transmission of a wire transfer of $45,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates.

Overt Act No. 17:    On December 26, 2019, defendant GUSTAFSSON and others known and unknown caused the transmission of a wire transfer of $15,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates.

Overt Act No. 18:    On January 2, 2020, defendant GUSTAFSSON and others known and unknown caused the transmission of a wire transfer of $21,225 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California.

1      <u>Overt Act No. 19:</u>   On January 2, 2020, defendant GUSTAFSSON and

2   others known and unknown caused the transmission of a wire transfer

3   of $21,175 from Nordea Bank account ending in 3922 in Stockholm,

4   Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco,

5   California.

6      <u>Overt Act No. 20:</u>   On January 2, 2020, defendant GUSTAFSSON and

7   others known and unknown caused the transmission of a wire transfer

8   of $10,000 from Wells Fargo Bank account ending in 8975 in San

9   Francisco, California, to Abu Dhabi Islamic Bank account ending in

10  2788 in Abu Dhabi, United Arab Emirates.

11     <u>Overt Act No. 21:</u>   On January 6, 2020, defendant GUSTAFSSON and

12  others known and unknown caused the transmission of a wire transfer

13  of $10,000 from Wells Fargo Bank account ending in 8975 in San

14  Francisco, California, to Abu Dhabi Islamic Bank account ending in

15  2788 in Abu Dhabi, United Arab Emirates.

16     <u>Overt Act No. 22:</u>   On February 18, 2020, defendant GUSTAFSSON

17  and others known and unknown caused the transmission of a wire

18  transfer of $15,000 from Wells Fargo Bank account ending in 8975 in

19  San Francisco, California, to Abu Dhabi Islamic Bank account ending

20  in 2788 in Abu Dhabi, United Arab Emirates.

21     <u>Overt Act No. 23:</u>   On February 18, 2020, defendant GUSTAFSSON

22  and others known and unknown caused the transmission of a wire

23  transfer of $20,000 from Wells Fargo Bank account ending in 8975 in

24  San Francisco, California, to Abu Dhabi Islamic Bank account ending

25  in 2788 in Abu Dhabi, United Arab Emirates.

26     <u>Overt Act No. 24:</u>   On April 8, 2020, defendant GUSTAFSSON and

27  others known and unknown caused the transmission of a wire transfer

28  of $275,000 from Nordea Bank account ending in 3922 in Stockholm,

1  Sweden, to Bank of America account ending in 3469 in Wilmington,

2  Delaware.

3      Overt Act No. 25:    On April 21, 2020, defendant GUSTAFSSON and

4  others known and unknown caused the transmission of a wire transfer

5  of $5,000 from Bank of America account ending in 3469 in Wilmington,

6  Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu

7  Dhabi, United Arab Emirates.

8      Overt Act No. 26:    On April 21, 2020, defendant GUSTAFSSON and

9  others known and unknown caused the transmission of a wire transfer

10  of $307,900 from Bank of America account ending in 3469 in

11  Wilmington, Delaware, to Abu Dhabi Islamic Bank account ending in

12  2788 in Abu Dhabi, United Arab Emirates.

13      Overt Act No. 27:    On April 27, 2020, defendant GUSTAFSSON and

14  others known and unknown caused the transmission of a wire transfer

15  of $5,000 from Bank of America account ending in 3469 in Wilmington,

16  Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu

17  Dhabi, United Arab Emirates

18      Overt Act No. 28:    On May 4, 2020, defendant GUSTAFSSON and

19  others known and unknown caused the transmission of a wire transfer

20  of $5,000 from Bank of America account ending in 3469 in Wilmington,

21  Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu

22  Dhabi, United Arab Emirates.

23      Overt Act No. 29:    On June 1, 2020, defendant GUSTAFSSON and

24  others known and unknown caused the transmission of a wire transfer

25  of $10,000 from Bank of America account ending in 3469 in Wilmington,

26  Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu

27  Dhabi, United Arab Emirates.

28

<u>Overt Act No. 30:</u>   On June 1, 2020, defendant GUSTAFSSON and others known and unknown caused the transmission of a wire transfer of $10,000 from Bank of America account ending in 3469 in Wilmington, Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates.

<u>Overt Act No. 31:</u>   On June 3, 2020, defendant GUSTAFSSON and others known and unknown caused the transmission of a wire transfer of $6,000 from Bank of America account ending in 3469 in Wilmington, Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates.

<u>Overt Act No. 32:</u>   On June 10, 2020, defendant GUSTAFSSON and others known and unknown caused the transmission of a wire transfer of $100 from Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware.

<u>Overt Act No. 33:</u>   On June 11, 2020, defendant GUSTAFSSON and others known and unknown caused the transmission of a wire transfer of $26,960 from Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware.

<u>Overt Act No. 34:</u>   On June 15, 2020, defendant GUSTAFSSON and others known and unknown caused the transmission of a wire transfer of $27,160 from Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware.

<u>Overt Act No. 35:</u>   On June 17, 2020, defendant GUSTAFSSON and others known and unknown caused the transmission of a wire transfer of $27,110 from Abu Dhabi Islamic Bank account ending in 2788 in Abu

Dhabi, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware.

Overt Act No. 36:   On June 18, 2020, defendant GUSTAFSSON and others known and unknown caused the transmission of a wire transfer of $17,465 from Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware.

Overt Act No. 37:   On June 22, 2020, defendant GUSTAFSSON and others known and unknown caused the transmission of a wire transfer of $235 from EmiratesNDB Bank account ending in 0201 in Dubai, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware.

Overt Act No. 38:   On June 22, 2020, defendant GUSTAFSSON and others known and unknown caused the transmission of a wire transfer of $79,955 from EmiratesNDB Bank account ending in 0201 in Dubai, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware.

Overt Act No. 39:   On June 23, 2020, defendant GUSTAFSSON and others known and unknown caused the transmission of a wire transfer of $80,955 from EmiratesNDB Bank account ending in 0201 in Dubai, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware.

Overt Act No. 40:   On June 24, 2020, defendant GUSTAFSSON and others known and unknown caused the transmission of a wire transfer of $66,955 from EmiratesNDB Bank account ending in 0201 in Dubai, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware.

1                  COUNTS FIFTEEN THROUGH FIFTY-FIVE

2             [18 U.S.C. §§ 1956(a)(1)(B)(i), 2(a),(b)]

3       18.  The Grand Jury realleges paragraphs 1 through 5 and 15

4  through 17 of this Indictment here.

5       19.  On or about the dates set forth below, in Los Angeles

6  County, within the Central District of California, and elsewhere,

7  defendant OLAF KYROS GUSTAFSSON, also known as "Sir Olaf Gustafsson,"

8  aka "El Silencio," and others known and unknown to the Grand Jury,

9  knowing that the property involved in the financial transaction

10 represented the proceeds of some form of unlawful activity, conducted

11 and willfully caused to be conducted a financial transaction

12 involving the proceeds of specified unlawful activity, that is, mail

13 fraud, in violation of Title 18, United States Code, Section 1341,

14 and wire fraud, in violation of Title 18, United States Code, Section

15 1343, knowing that the transaction was designed in whole and in part

16 to conceal and disguise the nature, location, source, ownership, and

17 control of such proceeds:

| Count | Date | Monetary Transaction |
|---|---|---|
| FIFTEEN | 10/11/2019 | Wire transfer of $10,000 from J.P Morgan Chase Bank account ending in 4484 in New York, New York, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| SIXTEEN | 10/11/2019 | Wire Transfer of $9,950 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| SEVENTEEN | 10/15/2019 | Wire Transfer of $7,500 from J.P Morgan Chase Bank account ending in 4484 in New York, New York, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |

| Count | Date | Monetary Transaction |
|-------|------|----------------------|
| EIGHTEEN | 10/16/2019 | Wire Transfer of $4,000 from J.P Morgan Chase Bank account ending in 4484 in New York, New York, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| NINETEEN | 10/18/2019 | Wire Transfer of $10,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| TWENTY | 10/22/2019 | Wire Transfer of $3,000 from J.P Morgan Chase Bank account ending in 4484 in New York, New York, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| TWENTY-ONE | 10/24/2019 | Wire Transfer of $1,100 from J.P Morgan Chase Bank account ending in 4484 in New York, New York, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| TWENTY-TWO | 12/16/2019 | Wire Transfer of $7,973 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| TWENTY-THREE | 12/17/2019 | Wire Transfer of $20,295 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| TWENTY-FOUR | 12/17/2019 | Wire Transfer of $15,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| TWENTY-FIVE | 12/18/2019 | Wire Transfer of $42,075 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| TWENTY-SIX | 12/18/2019 | Wire Transfer of $40,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| TWENTY-SEVEN | 12/20/2019 | Wire Transfer of $20,975 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |

| Count | Date | Monetary Transaction |
|-------|------|----------------------|
| TWENTY-EIGHT | 12/23/2019 | Wire Transfer of $12,975 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| TWENTY-NINE | 12/23/2019 | Wire Transfer of $35,175 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| THIRTY | 12/23/2019 | Wire Transfer of $45,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| THIRTY-ONE | 12/26/2019 | Wire Transfer of $15,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| THIRTY-TWO | 1/2/2020 | Wire Transfer of $21,225 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| THIRTY-THREE | 1/2/2020 | Wire Transfer of $21,175 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| THEIRTY-FOUR | 1/2/2020 | Wire Transfer of $10,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| THIRTY-FIVE | 1/6/2020 | Wire Transfer of $10,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| THIRTY-SIX | 2/18/2020 | Wire Transfer of $15,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| THIRTY-SEVEN | 2/18/2020 | Wire Transfer of $20,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |

| Count | Date | Monetary Transaction |
|---|---|---|
| THIRTY-EIGHT | 3/23/2020 | Deposit of certified check for $66,406.85 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| THIRTY-NINE | 4/8/2020 | Wire Transfer of $275,000 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| FORTY | 4/21/2020 | Wire Transfer of $5,000 from Bank of America account ending in 3469 in Wilmington, Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| FORTY-ONE | 4/21/2020 | Wire Transfer of $307,900 from Bank of America account ending in 3469 in Wilmington, Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| FORTY-TWO | 4/27/2020 | Wire Transfer of $5,000 from Bank of America account ending in 3469 in Wilmington, Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| FORTY-THREE | 5/4/2020 | Wire Transfer of $5,000 from Bank of America account ending in 3469 in Wilmington, Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| FORTY-FOUR | 6/1/2020 | Wire Transfer of $10,000 from Bank of America account ending in 3469 in Wilmington, Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| FORTY-FIVE | 6/1/2020 | Wire Transfer of $10,000 from Bank of America account ending in 3469 in Wilmington, Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| FORTY-SIX | 6/3/2020 | Wire Transfer of $6,000 from Bank of America account ending in 3469 in Wilmington, Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |

| Count | Date | Monetary Transaction |
|-------|------|----------------------|
| FORTY-SEVEN | 6/10/2020 | Wire Transfer of $100 from Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| FORTY-EIGHT | 6/11/2020 | Wire Transfer of $26,960 from Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| FORTY-NINE | 6/15/2020 | Wire Transfer of $27,160 from Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| FIFTY | 6/17/2020 | Wire Transfer of $27,110 from Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| FIFTY-ONE | 6/18/2020 | Wire Transfer of $17,465 from Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| FIFTY-TWO | 6/22/2022 | Wire Transfer of $235 from EmiratesNDB Bank account ending in 0201 in Dubai, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| FIFTY-THREE | 6/22/2022 | Wire Transfer of $79,955 from EmiratesNDB Bank account ending in 0201 in Dubai, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| FIFTY-FOUR | 6/23/2020 | Wire Transfer of $80,955 from EmiratesNDB Bank account ending in 0201 in Dubai, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| FIFTY-FIVE | 6/24/2020 | Wire Transfer of $66,955 from EmiratesNDB Bank account ending in 0201 in Dubai, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |

1          COUNTS FIFTY-SIX THROUGH NINETY

2          [18 U.S.C. §§ 1956(a)(2)(B)(i), 2(a),(b)]

3      20.  The Grand Jury realleges paragraphs 1 through 5 and 15

4  through 17 this Indictment here.

5      21.  On or about the dates set forth below, in Los Angeles

6  County, within the Central District of California, and elsewhere,

7  defendant OLAF KYROS GUSTAFSSON, also known as "Sir Olaf Gustafsson,"

8  aka "El Silencio," and others known and unknown to the Grand Jury,

9  knowing that the property involved in the financial transaction

10 represented the proceeds of some form of unlawful activity, conducted

11 and caused to be conducted a financial transaction to, from, and

12 through a place outside of the United States, involving the proceeds

13 of specified unlawful activity, that is, conspiracy to commit wire

14 fraud and mail fraud, in violation of Title 18, United States Code,

15 Section 1349, wire fraud, in violation of Title 18, United States

16 Code, Section 1343, and mail fraud, in violation of Title 18, United

17 States Code, Section 1341, knowing that the transaction was designed

18 in whole and in part to conceal and disguise the nature, location,

19 source, ownership, and control of the proceeds:

| Count | Date | Monetary Transaction |
|---|---|---|
| FIFTY-SIX | 10/11/2019 | Wire Transfer of $9,950 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| FIFTY-SEVEN | 10/18/2019 | Wire Transfer of $10,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |

| Count | Date | Monetary Transaction |
|-------|------|----------------------|
| FIFTY-EIGHT | 12/16/2019 | Wire Transfer of $7,973 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| FIFTY-NINE | 12/17/2019 | Wire Transfer of $20,295 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| SIXTY | 12/17/2019 | Wire Transfer of $15,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| SIXTY-ONE | 12/18/2019 | Wire Transfer of $42,075 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| SIXTY-TWO | 12/18/2019 | Wire Transfer of $40,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| SIXTY-THREE | 12/20/2019 | Wire Transfer of $20,975 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| SIXTY-FOUR | 12/23/2019 | Wire Transfer of $12,975 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| SIXTY-FIVE | 12/23/2019 | Wire Transfer of $35,175 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| SIXTY-SIX | 12/23/2019 | Wire Transfer of $45,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |

| Count | Date | Monetary Transaction |
|-------|------|----------------------|
| SIXTY-SEVEN | 12/26/2019 | Wire Transfer of $15,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| SIXTY-EIGHT | 1/2/2020 | Wire Transfer of $21,225 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| SIXTY-NINE | 1/2/2020 | Wire Transfer of $21,175 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| SEVENTY | 1/2/2020 | Wire Transfer of $10,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| SEVENTY-ONE | 1/6/2020 | Wire Transfer of $10,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| SEVENTY-TWO | 2/18/2020 | Wire Transfer of $15,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| SEVENTY-THREE | 2/18/2020 | Wire Transfer of $20,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| SEVENTY-FOUR | 4/8/2020 | Wire Transfer of $275,000 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| SEVENTY-FIVE | 4/21/2020 | Wire Transfer of $5,000 from Bank of America account ending in 3469 in Wilmington, Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |

| Count | Date | Monetary Transaction |
|-------|------|----------------------|
| SEVENTY-SIX | 4/21/2020 | Wire Transfer of $307,900 from Bank of America account ending in 3469 in Wilmington, Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| SEVENTY-SEVEN | 4/27/2020 | Wire Transfer of $5,000 from Bank of America account ending in 3469 in Wilmington, Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| SEVENTY-EIGHT | 5/4/2020 | Wire Transfer of $5,000 from Bank of America account ending in 3469 in Wilmington, Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| SEVENTY-NINE | 6/1/2020 | Wire Transfer of $10,000 from Bank of America account ending in 3469 in Wilmington, Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| EIGHTY | 6/1/2020 | Wire Transfer of $10,000 from Bank of America account ending in 3469 in Wilmington, Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| EIGHTY-ONE | 6/3/2020 | Wire Transfer of $6,000 from Bank of America account ending in 3469 in Wilmington, Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| EIGHTY-TWO | 6/10/2020 | Wire Transfer of $100 from Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| EIGHTY-THREE | 6/11/2020 | Wire Transfer of $26,960 from Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| EIGHTY-FOUR | 6/15/2020 | Wire Transfer of $27,160 from Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |

| Count | Date | Monetary Transaction |
|-------|------|----------------------|
| EIGHTY-FIVE | 6/17/2020 | Wire Transfer of $27,110 from Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| EIGHTY-SIX | 6/18/2020 | Wire Transfer of $17,465 from Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| EIGHTY-SEVEN | 6/22/2022 | Wire Transfer of $235 from EmiratesNDB Bank account ending in 0201 in Dubai, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| EIGHTY-EIGHT | 6/22/2022 | Wire Transfer of $79,955 from EmiratesNDB Bank account ending in 0201 in Dubai, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| EIGHTY-NINE | 6/23/2020 | Wire Transfer of $80,955 from EmiratesNDB Bank account ending in 0201 in Dubai, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| NINETY | 6/24/2020 | Wire Transfer of $66,955 from EmiratesNDB Bank account ending in 0201 in Dubai, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |

1              COUNTS NINETY-ONE THROUGH ONE HUNDRED FIFTEEN

2                  [18 U.S.C. §§ 1957(a), 2(a),(b)]

3        22.  The Grand Jury realleges paragraphs 1 through 5 and 15

4   through 17 this Indictment here.

5        23.  On or about the dates set forth below, in Los Angeles

6   County, within the Central District of California, and elsewhere,

7   defendant OLAF KYROS GUSTAFSSON, also known as "Sir Olaf Gustafsson,

8   aka "El Silencio," and others known and unknown to the Grand Jury,

9   knowingly engaged in the following monetary transactions, in and

10  affecting interstate commerce, each of a value greater than $10,000,

11  involving funds that he knew to be criminally derived property, and

12  which funds, in fact, were derived from specified unlawful activity,

13  that is, conspiracy to commit wire fraud and mail fraud, in violation

14  of Title 18, United States Code, Section 1349, wire fraud, in

15  violation of Title 18, United States Code, Section 1343, and mail

16  fraud, in violation of Title 18, United States Code, Section 1341, as

17  described in paragraphs 1 through 5 of this Indictment:

| Count | Date | Monetary Transaction |
|---|---|---|
| NINETY-ONE | 12/17/2019 | Wire Transfer of $20,295 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| NINETY-TWO | 12/17/2019 | Wire Transfer of $15,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| NINETY-THREE | 12/18/2019 | Wire Transfer of $42,075 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |

| Count | Date | Monetary Transaction |
|---|---|---|
| NINETY-FOUR | 12/18/2019 | Wire Transfer of $40,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| NINETY-FIVE | 12/20/2019 | Wire Transfer of $20,975 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| NINETY-SIX | 12/23/2019 | Wire Transfer of $12,975 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| NINETY-SEVEN | 12/23/2019 | Wire Transfer of $35,175 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| NINETY-EIGHT | 12/23/2019 | Wire Transfer of $45,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| NINETY-NINE | 12/26/2019 | Wire Transfer of $15,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| ONE HUNDRED | 1/2/2020 | Wire Transfer of $21,225 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |
| ONE HUNDRED ONE | 1/2/2020 | Wire Transfer of $21,175 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Wells Fargo Bank account ending in 8975 in San Francisco, California. |

| Count | Date | Monetary Transaction |
|---|---|---|
| ONE HUNDRED TWO | 2/18/2020 | Wire Transfer of $15,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| ONE HUNDRED THREE | 2/18/2020 | Wire Transfer of $20,000 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| ONE HUNDRED FOUR | 3/23/2020 | Deposit of certified check for $66,406.85 from Wells Fargo Bank account ending in 8975 in San Francisco, California, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| ONE HUNDRED FIVE | 4/8/2020 | Wire Transfer of $275,000 from Nordea Bank account ending in 3922 in Stockholm, Sweden, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| ONE HUNDRED SIX | 4/21/2020 | Wire Transfer of $307,900 from Bank of America account ending in 3469 in Wilmington, Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| ONE HUNDRED SEVEN | 6/1/2020 | Wire Transfer of $10,000 from Bank of America account ending in 3469 in Wilmington, Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| ONE HUNDRED EIGHT | 6/1/2020 | Wire Transfer of $10,000 from Bank of America account ending in 3469 in Wilmington, Delaware, to Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates. |
| ONE HUNDRED NINE | 6/11/2020 | Wire Transfer of $26,960 from Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |

| Count | Date | Monetary Transaction |
|-------|------|----------------------|
| ONE HUNDRED TEN | 6/15/2020 | Wire Transfer of $27,160 from Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| ONE HUNDRED ELEVEN | 6/17/2020 | Wire Transfer of $27,110 from Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| ONE HUNDRED TWELVE | 6/18/2020 | Wire Transfer of $17,465 from Abu Dhabi Islamic Bank account ending in 2788 in Abu Dhabi, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| ONE HUNDRED THIRTEEN | 6/22/2022 | Wire Transfer of $79,955 from EmiratesNDB Bank account ending in 0201 in Dubai, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| ONE HUNDRED FOURTEEN | 6/23/2020 | Wire Transfer of $80,955 from EmiratesNDB Bank account ending in 0201 in Dubai, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |
| ONE HUNDRED FIFTEEN | 6/24/2020 | Wire Transfer of $66,955 from EmiratesNDB Bank account ending in 0201 in Dubai, United Arab Emirates, to Bank of America account ending in 3469 in Wilmington, Delaware. |

1                       FORFEITURE ALLEGATION ONE

2              [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

3       1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal

4  Procedure, notice is hereby given that the United States of America

5  will seek forfeiture as part of any sentence, pursuant to Title 18,

6  United States Code, Section 981(a)(1)(C) and Title 28, United States

7  Code, Section 2461(c), in the event of the defendant's conviction of

8  the offenses set forth in any of Counts One through Thirteen of this

9  Indictment.

10      2.   The defendant, if so convicted, shall forfeit to the United

11 States of America the following:

12           (a)  all right, title, and interest in any and all

13 property, real or personal, constituting, or derived from, any

14 proceeds traceable to the offenses; and

15           (b)  To the extent such property is not available for

16 forfeiture, a sum of money equal to the total value of the property

17 described in subparagraph (a).

18      3.   Pursuant to Title 21, United States Code, Section 853(p),

19 as incorporated by Title 28, United States Code, Section 2461(c), the

20 defendant, if so convicted, shall forfeit substitute property, up to

21 the value of the property described in the preceding paragraph if, as

22 the result of any act or omission of the defendant, the property

23 described in the preceding paragraph or any portion thereof (a)

24 cannot be located upon the exercise of due diligence; (b) has been

25 transferred, sold to, or deposited with a third party; (c) has been

26 placed beyond the jurisdiction of the court; (d) has been

27 substantially diminished in value; or (e) has been commingled with

28 other property that cannot be divided without difficulty.

41

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982(a)(1)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of the defendant's conviction of the offenses set forth in any of Counts Fourteen through One Hundred Fifteen of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   Any property, real or personal, involved in such offense, and any property traceable to such property; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an

1 intermediary who handled but did not retain the property in the
2 course of the money laundering offense unless the defendant, in
3 committing the offense or offenses giving rise to the forfeiture,
4 conducted three or more separate transactions involving a total of
5 $100,000.00 or more in any twelve-month period.

6

7                                    A TRUE BILL

8

9                                    ___/s/_____
10                                   Foreperson

11 E. MARTIN ESTRADA
   United States Attorney
12

13

14 MACK E. JENKINS
   Assistant United States Attorney
15 Chief, Criminal Division

16 JOSHUA O. MAUSNER
   Assistant United States Attorney
17 Chief, Violent & Organized Crime
   Section
18

19

20

21

22

23

24

25

26

27

28